UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVE VOTAW<br>8814 Turkey Ridge Road<br>Breinigsville, PA 18031<br><br>    Plaintiff,<br><br>  v.<br><br>AMAZON, LLC<br>705 Boulder Drive<br>Breinigsville, PA 18031<br><br>    Defendant. | DOCKET NO:<br><br>JURY TRIAL DEMANDED |

## CIVIL ACTION COMPLAINT

Plaintiff Steve Votaw (hereinafter "Plaintiff"), by and through undersigned counsel, hereby complains as follows against Defendant Amazon, LLC (hereinafter "Defendant").

## INTRODUCTION

1. Plaintiff has initiated this action to redress violations by Defendant of the Family and Medical Leave Act ("FMLA") and the Americans with Disabilities Act ("ADA"). Defendant harassed and fired Plaintiff because he suffers from a disability. Defendant interfered with Plaintiff's rights under the FMLA when it fired him to prevent him from taking FMLA protected leave. Defendant fired Plaintiff because he requested an accommodation in the form of medical leave due to treatment related to his disability. As a result of Defendant's conduct, Plaintiff suffered damages as set forth herein.

1

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the ADA and the FMLA.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

4. Pursuant to 28 U.S.C. § 1391, venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

**PARTIES**

5. The foregoing paragraphs are incorporated herein as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant is a corporation that does business within the state of Pennsylvania.

8. At all times relevant herein, Defendant acted through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment/engagement with Defendant.

**FACTUAL BACKGROUND**

9. The foregoing paragraphs are incorporated herein as if set forth in full.

10. In or around October 28, 2014, Defendant hired Plaintiff as a stow/warehouse worker.

11. In or around December 2015, Plaintiff began suffering from extreme mold poisoning (hereinafter "disability").

12. Plaintiff's disability manifested itself with severe physical limitations, including but not limited to:

    a. Permanent nerve damage on the left side of his face, which caused severe shooting pain throughout Plaintiff's face;

    b. The accumulation of phlegm in Plaintiff's sinuses, otherwise known as acute sinusitis, which led to difficulty with breathing, talking, and swallowing.

13. When Plaintiff began suffering from his disability, he took non-FMLA leave for self-care for his disability as instructed by his doctor.

14. Plaintiff's disability was exacerbated by such irritants as dust and chemicals in Defendant's warehouse.

15. On or around February 8, 2016, Plaintiff applied for intermittent FMLA leave related to his disability.

16. On or around February 8, 2016, Defendant approved Plaintiff's request for intermittent FMLA leave related to Plaintiff's disability and Plaintiff began taking leave as needed for same.

17. On each occasion that Plaintiff required leave related to his disability, Plaintiff called into Defendant's FMLA hotline and indicated that the leave was taken per his intermittent FMLA as required by Defendant.

18. On or around May 8, 2016, Defendant informed Plaintiff that Plaintiff's intermittent FMLA leave expired; however, Plaintiff had not fully recovered from his disability upon expiration of same.

19. Upon information and belief, as of May 8, 2016, Plaintiff had a portion of his statutory allotment of FMLA leave remaining.

20. At no point after Plaintiff's intermittent FMLA expired on or about May 8, 2016 with FMLA leave remaining, did Defendant notify Plaintiff of his continued right to take FMLA leave.

21. Plaintiff requested an accommodation to arrive late or leave early on days when Plaintiff's disability caused severe physical limitations, such as difficulty with breathing, swallowing and/or talking.

22. Defendant refused to provide Plaintiff with the requested accommodation upon Plaintiff's request.

23. Instead of providing Plaintiff with his requested accommodation, Plaintiff's lead supervisors (Names unknown) informed Plaintiff that he was required to use unpaid time off, vacation time, or personal days to care for his disability.

24. From in or around May 8, 2016 to in or around July 2016, Plaintiff used unpaid time off allotted to him by Defendant for the approximately one to two hours Plaintiff needed to leave early or arrive late per week.

25. In or around July 2016, Defendant claimed that Plaintiff had exhausted his allotted non-FMLA unpaid time off.

26. On or around August 31, 2016, Plaintiff requested to leave work an hour early because Plaintiff was having trouble breathing and believed he was relapsing due to his disability.

27. John Deudsch, Plaintiff's supervisor (hereafter "Supervisor Deudsch) assured him that he would not face discipline for leaving early.

28. On or around September 2, 2016, Plaintiff informed his Supervisor ("name unknown") that he was feeling ill due to his disability and Plaintiff's Supervisor told Plaintiff that he was permitted to come into work late the following day if needed.

29. On or around September 3, 2016, Plaintiff arrived to work late due to his disability and informed his Supervisor that he had arrived to work late due to his disability.

30. From on or around September 3, 2016 through on or around September 16, 2016, Plaintiff did not arrive late to or leave early from work.

31. On or around September 16, 2016, Defendant fired Plaintiff for excessive absence.

32. Defendant's stated reason for firing Plaintiff is pretext.

33. In actuality, Defendant fired Plaintiff due to his disability, in retaliation for his requests for accommodation for his disability, and/or in retaliation for his need for protected medical leave.

## COUNT I
### Violations of the FMLA
**(Retaliation)**

34. The foregoing paragraphs are incorporated herein as if set forth in full.

35. Plaintiff was an eligible employee under the definitional terms of the FMLA.

36. As of November 2015, Plaintiff was employed by Defendant for at least twelve (12) months.

37. Further, Plaintiff had at least 1,250 hours of service with Defendant during the twelve (12) months prior to the commencement of his need for FMLA protected leave.

38. Defendant is engaged in an industry affecting commerce and employed fifty (50) or more employees for twenty (20) or more calendar workweeks in 2016 or proceeding calendar year.

39. Plaintiff required intermittent time off from work in order to take care of his own serious medical condition from on or around February 8, 2016 through the end of his employment with Defendant.

40. Plaintiff was entitled to twelve (12) weeks of leave under the FMLA to take care of his own serious medical condition during said period.

41. Defendant retaliated against Plaintiff for taking said leave by firing Plaintiff for requesting protected medical leave and/or due to his need for protected medical leave.

42. Defendant retaliated against Plaintiff for exercising his FMLA rights by firing him for taking FMLA-protected absences.

43. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

44. As a result of Defendant's unlawful actions, Plaintiff has suffered damages.

## COUNT II
### Violations of the FMLA
### (Interference)

45. The foregoing paragraphs are incorporated herein as if set forth in full.

46. Defendant interfered with Plaintiff's FMLA rights by failing to provide him with written notice of his rights under the FMLA.

47. Defendant interfered with Plaintiff's FMLA rights by failing to designate FMLA-qualifying absences as FMLA-protected.

48. Defendant interfered with Plaintiff's FMLA rights by firing Plaintiff to prevent him from taking FMLA-protected leave.

49. Defendant's actions as aforesaid constitute violations of the FMLA and have caused Plaintiff to suffer damages.

## COUNT III
### Violations of the ADA
### (Disability Discrimination)

50. The foregoing paragraphs are incorporated herein as if set forth in full.

51. At all times relevant hereto, Defendant was an "employer" within the meaning of the ADA.

52. At all times relevant hereto, Plaintiff's Disability rendered him an individual with a disability under the ADA.

53. At all times relevant hereto, Plaintiff was perceived by Defendant to be suffering from a disability.

54. Plaintiff was terminated by Defendant because he suffered from a disability and/or because Defendant perceived him to be suffering from a disability.

55. As a result of Defendant's actions as described above, Defendant violated the ADA, causing Plaintiff to suffer damages.

## COUNT IV
### Violation of the ADA
### (Failure to Accommodate)

56. The foregoing paragraphs are incorporated herein as if set forth in full.

57. Plaintiff requested a reasonable accommodation in that he sought to, at times, leave work early or arrive to work late to treat his disability.

58. Defendant could have granted Plaintiff the aforementioned accommodations without undue hardship but failed to do so.

59. Defendant failed to engage in the interactive process with Plaintiff despite knowing of Plaintiff's need for accommodations.

60. Defendant violated the ADA when it failed to provide reasonable accommodations for his disability.

61. As a result of Defendant's unlawful actions, Plaintiff has and continues to suffer damages.

## COUNT V
## Violations of the ADA
## (Retaliation)

62. The foregoing paragraphs are incorporated herein as if set forth in full.

63. Plaintiff requested an accommodation in the form of leaving early or arriving late to work due to his disability.

64. Requesting and using an accommodation for a disability is protected activity under the ADA.

65. Defendant terminated Plaintiff, because he requested the aforementioned accommodation.

66. As a result of Defendant's actions as described above, Defendant violated the ADA, causing Plaintiff to suffer damages.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain their illegal policy, practice, or custom of discriminating against employees or prospective employees based on their disabilities and/or need for related accommodations;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost and future lost earnings;

C. Plaintiff is to be awarded punitive damages in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be awarded damages for emotional distress and/or pain and suffering (as permitted by applicable law) and is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law.

F. Plaintiff's claims are to receive a jury trial.

Respectfully submitted,

**SWARTZ SWIDLER, LLC**

s/ Daniel A. Horowitz
Daniel A. Horowitz, Esq.
Carley A. Doyle, Esq.
1101 Kings Highway North, Suite 402
Cherry Hill, NJ 08034
Tel.: 856-685-7420
Fax: 856-685-7417
Email: dhorowitz@swartz-legal.com

Dated: November 21, 2017

## **DEMAND TO PRESERVE EVIDENCE**

Defendant is hereby directed to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.